# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Robrica Downs, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:19-3330-BHH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Medtrust Medical Transport LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation of

United States Magistrate Judge Molly H. Cherry made in accordance with 28 U.S.C. §

636(b) and Local Rule 73.02 for the District of South Carolina. On July 15, 2020, the

Magistrate Judge issued a Report and Recommendation ("Report") recommending that

this case be dismissed for lack of prosecution pursuant to Federal Rule of Civil

Procedure 41(b). (ECF No. 23.) The Magistrate Judge advised Plaintiff of the procedures

and requirements for filing objections to the Report. No objections were filed.

1

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court must make a *de novo* determination of those portions of the Report, or specified proposed findings or recommendations, to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject, or modify, in whole or in part, the Report or may recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *De novo* review is also  "unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687

F.2d 44, 47 (4th Cir. 1982).

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See   Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). As well as inherent authority, this Court may sua sponte dismiss a case for lack of prosecution under Rule 41(b). *Id.* at 630.

Plaintiff filed no objections and the time for doing so expired on August 3, 2020. In the absence of objections to the Magistrate Judge's Report, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, the Court must only satisfy itself that there is no clear error on the face of the record. *Diamond*, 416 F.3d at 315. Plaintiff has failed to comply with this Court's orders. As such, the Court finds that this case should be dismissed pursuant to Rule 41(b).

After a careful review of the record, the applicable law, and the Report, the Court finds that the Report evinces no error and the Magistrate Judge's recommendation is proper. Accordingly, the Report is adopted and incorporated herein by reference. This case is dismissed *with prejudice* pursuant to Rule 41(b) due to Plaintiff's failure to prosecute.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

3

August 14, 2020

Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules

3 and 4 of the Federal Rules of Appellate Procedure.